McKinney, J.,
delivered the opinion of the Court.
There is no error in the instruction of the Court to the jury, that the deed purporting to have been made by John and Hampton Hudgins, as Executors of of James Hudgins, deceased, to John Henry, for the land in controversy, was inoperative to pass the legal title to said land, under the act of 1794, ch. 5, section 1.
In the construction of this statute it has been held, that it is not necessary to the validity of the conveyance made by the personal representative, that the obligation, or bond for title, executed by the deceased testator or intestate, should have been recorded: and this principle we do not mean to disturb. But, it will be observed that the statute confers on the personal representative a mere naked power; it constitutes him a mere agent, or attorney, to execute a conveyance in the case provided for. The existence of the obligation, or bond for title, is indispensable to the exercise of the power, and alike indispensable to the validity of the deed. Hence, in order to make the deed operative, the bond must be produced, or its existence, at the time of the execution of the deed by the personal representative, established by proof. As against *289 third persons, perhaps, the recital of the ■ obligation, or bond in the conveyance, if sufficiently full and explicit would be prima facie, sufficient. The conveyance, in the present instance, contains no such sufficient recital.
Judgment.